UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21979-BLOOM/Otazo-Reyes

FRANCISCO RODRIGUEZ CRUZ,

    Plaintiff,

v.

NELLY GARCIA, and PEDRO,

    Defendants.
_____/

**ORDER ON MOTION FOR LEAVE TO PROCEED**
**IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

**THIS CAUSE** is before the Court upon a Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "Motion"), filed in conjunction with the Complaint, ECF No. [1] (the "Complaint"). Plaintiff Francisco Rodriguez Cruz ("Plaintiff" or "Cruz") has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Complaint, the Motion, the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, Plaintiff's Complaint is dismissed, and the Motion is denied as moot.

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*

("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally

construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). Even under the relaxed pleading standard afforded to pro se litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), the Complaint fails here.

The Complaint in this case must be dismissed because it fails to state a claim. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead that she was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). In the Complaint, Cruz claims that he has experienced abuse where he rents, that there "is alcohol drunk and vaping indoors while patients and a minor are in the house." ECF No. [1] at 2. In addition, Cruz attaches a copy of a Case Report from the Miami Dade Police Department, in which he asserts that there is a minor in the house exposed to "a very poisonous environment," that the caretaker gets inebriated, and that "cooking and washing clothes" are "not a priority." ECF No. [1-2]. As a result, Cruz purports to assert claims against Defendants Garcia, a caretaker, and "Pedro," a patient. However, Cruz does not identify his claims or any legal basis for them. Although the Court liberally construes *pro se* pleadings, the Court is not free to construct causes of action for which adequate facts are not pleaded. As pleaded, the Complaint is entirely devoid of facts to state plausible claims based on the facts alleged. As the Court is unable to ascertain any plausible claim for relief from Plaintiff's

Case No. 22-cv-21979-BLOOM/Otazo-Reyes

allegations, the instant action must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiff's Motion, **ECF No. [3],** is **DENIED AS MOOT.**

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 29, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Francisco Rodriguez Cruz, *pro se*
15605 SW 295th Terrace
Homestead, FL 33033

4